**Alexios ALEXANDER, Plaintiff–Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., Defendants–Appellees.**

**No. 12–17397.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2013.*

Decided May 22, 2013.

Alexios Alexander, Blythe, CA, pro se.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM **

California state prisoner Alexios Alexander appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations concerning his conditions of confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly dismissed Alexander's action because Alexander failed to allege sufficient facts to state a claim for unconstitutional conditions of confinement. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (discussing the subjective prong of deliberate indifference); *Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010) (courts need not accept as true allegations that contradict exhibits attached to a complaint, or allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences"); *Hearns v. Terhune,* 413 F.3d 1036, 1042 (9th Cir. 2005) (listing the elements of a conditions of confinement claim and explaining that the circumstances, nature, and duration of the deprivation are relevant); *see also Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (holding that claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]").

The district court did not abuse its discretion in denying Alexander's multiple requests for appointment of counsel because Alexander failed to demonstrate exceptional circumstances. *See Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir.2009) (setting forth standard of review and the exceptional circumstances requirement).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.